JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA PAKHOMOVA,<br><br>Plaintiff,<br><br>v.<br><br>COSTCO WHOLESALE CORPORATION, a Washington Corporation; DOE 1 (STORE MANAGER), and DOES 2 TO 50, inclusive,<br><br>Defendants. | Case No. 2:24-cv-05645-HDV-BFM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [DKT. NO. 18]** |

1

## I. INTRODUCTION

Plaintiff Anna Pakhomova brings this action against Defendant Costco Wholesale Corporation for an injury that occurred while she was walking in a store parking lot in Los Angeles, California, in February 2022. Before the Court is Plaintiff's Motion to Remand ("Motion"), which argues that Defendant has not adequately established subject matter jurisdiction. [Dkt. No. 18].

The Court finds that, given the absence of any evidence on the nature or extent of the injuries alleged, Defendant has not met its burden to establish the required amount in controversy. For that reason, the Court concludes that there is no diversity jurisdiction and grants the Motion to Remand.

## II. RELEVANT BACKGROUND

Plaintiff alleges that she was walking in the parking lot of Defendant's premises at 2901 Los Feliz Blvd., Los Angeles, CA on or around February 20, 2022, when she stepped on uneven pavement. Complaint ¶ 4 [Dkt. No. 1-2]. This made her trip and fall, causing Plaintiff to endure injury and pain. *Id.*

In a complaint filed in Los Angeles Superior Court on November 9, 2023, Plaintiff asserts general negligence and premises liability claims against Defendant. On July 3, 2024, Defendant filed a Notice of Removal to this Court. ("Removal Notice") [Dkt. No. 1]. Defendant contends that complete diversity exists and that the Court should disregard the fictitious defendants for purposes of determining diversity citizenship. *Id.* at 2–3. Defendant also avers that given Plaintiff's claimed damages, the amount in controversy exceeds the $75,000 jurisdictional requirement. *Id.* at 3.

Plaintiff filed her Motion to Remand on August 5, 2024, and Defendants opposed it ("Opposition"). [Dkt. Nos. 18, 19, 21]. The Court heard oral argument on September 12, 2024, and took the matter under submission.

## III. LEGAL STANDARD

Federal courts have original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. Section 1332 requires complete diversity, meaning that each plaintiff must be diverse from each defendant. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 553 (2005) (citing *Strawbridge v. Curtiss*, 7 U.S. 267 (1806)). Any doubts about removal are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980

F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "Th[is] 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* Pursuant to 28 U.S.C. § 1447(c), an improperly removed case must be remanded to state court.

## IV. DISCUSSION

### A. Diversity of Citizenship

Defendant contends that diversity exists because it is a citizen of the Washington (where it has its principal place of business and is incorporated) and Plaintiff is a resident of California. Removal Notice at 2–3. Plaintiff maintains that there is no diversity jurisdiction because the store manager, DOE 1, was listed as a defendant before the case was removed and is likely a California resident since he/she was an employee at the store where the fall occurred. Motion at 20–21.

The Ninth Circuit has plainly held that "[t]he citizenship of fictitious defendants is disregarded for removal purposes and becomes relevant only if and when the plaintiff seeks leave to substitute a named defendant." *Soliman v. Philip Morris Inc.*, 311 F.3d 966, 971 (9th Cir. 2002). Given this principle, this Court must disregard DOE 1's citizenship when assessing diversity.

Plaintiff relies heavily on *Gallegos*, where the district court considered the general manager's citizenship for jurisdictional purposes. *Gallegos v. Costco Wholesale Corp.*, 2020 U.S. Dist. LEXIS 96911, at *8 (C.D. Cal. June 2, 2020). *Gallegos* does not support Plaintiff's position here. In *Gallegos*, the defendant manager was specifically identified and was a named defendant. The same is true of the other cases cited by Plaintiff—all involved specifically identified and/or named defendants.[1] Thus, disregarding the possible citizenship of this Doe defendant, and considering only the citizenship of the parties—namely, that of Costco and Plaintiff—the Court concludes that the

---

[1] *See* Motion at 27, 30 (citing *Ramirez v. Costco Wholesale Corp.*, No. 2:22-cv-07985-DMG-(PVCx), 2023 WL 2388349, at *3 (C.D. Cal. Mar. 7, 2023); *Dirkes v. Sam's W., Inc.*, No. 2:22-cv-03466-JLS-(MARx), 2022 WL 17098672, at *3 (C.D. Cal. Sept. 7, 2022); *Alarcon v. Costco Wholesale Corp.*, No. 5:22-cv-00692-FMO-(JCx), 2022 WL 1449128, at *2–3 (C.D. Cal. May 6, 2022); *Leroy W. v. Costco Wholesale Corp.*, No. 2:20-cv-04265- JAK-(FFMx), 2020 WL 7023777, at *4 (C.D. Cal. Nov. 30, 2020); *Harris v. Walmart, Inc.*, No. 2:22-cv-02540-SB-(PLAx), 2022 WL 2132588, at *3 (C.D. Cal. June 13, 2022)).

diversity of citizenship requirement is met.

### B.     Amount in Controversy

The parties disagree as to whether Plaintiff's Statement of Damages, which asks for damages in excess of $1,000,000 and special damages in excess of $1,000,000, *see* [Dkt. No. 1-2, Ex. C], and which was provided separate from the Complaint itself, suffices to meet the jurisdictional amount in controversy. Motion at 18–19; Opposition at 7–8. If it is unclear or ambiguous from a state-court complaint whether the requisite amount in controversy is met, "the removing defendant bears the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

In the jurisdiction section of the state complaint, Plaintiff checked the box, "Action is an unlimited civil case (exceeds $25,000)." [Dkt. No. 1-2, Ex. A]. She alleges no other facts regarding the amount in controversy. The Complaint does not detail Plaintiff's injuries and only states that the fall caused her to endure "severe injury and pain." *Id.* Because it is ambiguous whether the amount in controversy is met from the four corners of Plaintiff's Complaint, Defendant bears the burden of establishing that the amount in controversy more likely than not exceeds $75,000. *See Guglielmino*, 506 F.3d at 699.

California district courts have found that a statement of damages, alone, is insufficient to meet the requisite standard. While a "statement of damages 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim,'… [a] plaintiff's damage estimate will not establish the amount in controversy… if it appears to be only a bold optimistic prediction." *Ortiz v. Costco Wholesale Corp.*, No. 19-CV-1293-JLS-BGS, 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019) (quoting *Schroeder v. PetSmart, Inc.*, No. 19-CV-1561-FMO-AGRX, 2019 WL 1895573, at *2 (C.D. Cal. Apr. 29, 2019). Thus, "[e]ven in cases where a plaintiff alleges more than $75,000.00 in its statement of damages, that allegation alone, without support in either plaintiff's complaint or defendant's notice of removal, are[sic] not sufficient to carry defendant's burden to prove the required jurisdictional amount." *Id.* (quoting *Boutorabi v. Gov't Emps. Ins. Co.*, No. 17-CV-1026-DOC-DFM, 2017 WL 3037400, at *3 (C.D. Cal. July 18, 2017)).

Here, neither Plaintiff's Complaint nor her Statement of Damages provides *any* detail on how Plaintiff arrived at her estimate of $2,000,000. That is plainly not enough to decide the question. *See Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090-91 (9th Cir. 2003) (holding that conclusory allegations as to the amount in controversy are insufficient); *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 913–14 (N.D. Cal. 2020) (finding that the amount in controversy did not exceed $75,000 because the complaint did not offer, and defendant failed to produce, any facts on what damages were included in plaintiff's claimed damages); *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1231 (N.D. Cal. 2000) (finding that the plaintiff's statement of damages was not supported by the record, and concluding that defendant failed to establish that the amount in controversy requirement was satisfied).

Since the burden of proof falls on Defendant as the removing party, the Court must look at what evidence of likely damages has been submitted in support of the removal (or in opposition to the Motion). Here, Defendant has proffered nothing. Apart from relying on Plaintiff's estimate, Defendant has not submitted any declarations, documents, or other evidence to establish that it is more likely than not that Plaintiff's damages exceed $75,000. The Court simply cannot guess. While Plaintiff described the injury as "severe and painful" in her statement of damages, that in itself is not enough to assume damages greater than the jurisdictional minimum. And Plaintiff's wholly unsupported, multi-million-dollar request is nothing more than an "optimistic prediction" if not outright puffery. In summary, Defendant has not met its burden and any doubts about the amount in controversy (which this Court certainly has) are resolved in favor of remand. *See Gaus,* 980 F.2d at 566.

## V.    CONCLUSION

The Court finds that Defendant has not established the requirements for diversity jurisdiction. For the reasons discussed, Plaintiff's Motion to Remand is ***granted***.

Dated: September 26, 2024

Hernán D. Vera
United States District Judge

5